THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**ALEX RAHMI,**

Appellant,

**v.**                                                    **Civil Action No. 3:11-CV-61
(BAILEY)**

**ROBERT W. TRUMBLE, Chapter 7 Trustee,
and UNITED STATES TRUSTEE,**                              Bankruptcy Case No. 09-2621

Appellees,

**BON-AIR PARTNERSHIP,**

Debtor,

**BEHROUZ RAHMI,**

Interested Party.

## <u>ORDER DENYING INTERLOCUTORY APPEAL OF ORDER</u>

Pending before the Court is an appeal filed by Alex Rahmi challenging the June 21, 2011, decision of the United States Bankruptcy Court for the Northern District of West Virginia ("Bankruptcy Court").  In that decision, the Bankruptcy Court denied Mr. Rahmi's Motion to Amend Judgement [*sic*] dated April 20, 2011[,] and to Invalidate [F]oreclosure [S]ale.  In this Order, this Court will address only the portion of the appeal concerning the Motion to Amend Judgement [*sic*] on the conflict of interest issue; the portion concerning the Motion to Invalidate [F]oreclosure [S]ale will be addressed in a separate order.  For the reasons more fully stated below, this Court finds that the appellant's interlocutory appeal of the conflict of interest portion of the June 21, 2011, order should be **DENIED**.

## BACKGROUND

On November 17, 2009, Bon-Air Partnership ("Bon-Air") filed a voluntary Chapter 7 bankruptcy petition [Doc. 1-21].  On April 1, 2011, the appellant, Alex Rahmi, ("appellant" or "Mr. Rahmi") filed a Motion to Remove Trustee for Conflict of Interest [Doc. 1-10].  In support of his filing, the appellant states that the trustee was maintaining control of Bon-Air's estate at the same time that the trustee's law firm was representing a party seeking a judgment against Mr. Rahmi [*Id.* at 1].  On April 11, 2011, the trustee filed an Objection to Motion to Remove Trustee for Conflict of Interest [Doc. 1-11].  In his objection, the trustee noted that Mr. Rahmi is merely a partner in Bon-Air [*Id.* at 1].  He further stated that he was "appointed to administer the Bankruptcy Estate of Bon-Air . . . and not the individual partners" [*Id.*].  On April 12, 2011, interested party Behrouz Rahmi also filed an Objection to Motion to Remove Trustee for Conflict of Interest [Doc. 1-12].  In his filing, Behrouz Rahmi stated that Mr. Rahmi is not authorized to represent Bon-Air before the Bankruptcy Court [*Id.* at 1] and requested the Bankruptcy Court to strike Mr. Rahmi's motion [*Id.* at 2].  Behrouz Rahmi further stated that "neither the [t]rustee's firm nor the [t]rustee holds any interests adverse to the estate" of Bon-Air and, therefore, does not have a conflict [*Id.*].

On April 20, 2011, the Bankruptcy Court entered an order denying Mr. Rahmi's Motion to Remove Trustee for Conflict of Interest [Doc.1-13 at 1-2] and addressing two motions in another bankruptcy proceeding.  Mr. Rahmi filed a Motion to Reconsider the April 20, 2011, Order on May 2, 2011 [Doc. 1-14]; in support of this motion, Mr. Rahmi stated that Mr. Trumble had been "holding funds for the benefit of [Mr.] Rahmi, and [Mr. Trumble's] firm ha[d] been representing creditors against [Mr.] Rahmi[ ] during the last two years" [*Id.* at 2].  On May 4, 2011, the Bankruptcy Court entered an Order denying the

2

Motion to Reconsider on the grounds that Mr. Rahmi "failed to state grounds for reconsideration under [Rule 9023 of the Federal Rules of Bankruptcy Procedure]" [Doc. 1-15 at 2].

On May 16, 2011, Mr. Rahmi filed a Motion to Amend Judgement [*sic*] dated April 20, 2011[,] and to Invalidate [F]oreclosure [S]ale [Doc. 1-16] as well as a similar motion for a different bankruptcy case involving the estate of another business, Alex Chevrolet [Doc. 1-17]. In the motion, Mr. Rahmi reiterated his conflict of interest argument and raised new arguments concerning the trustee's fiduciary duty and the foreclosure sale [Doc. 1-16 at 2]. On May 24, 2011, Behrouz Rahmi filed an Objection to Motions to Amend [Doc. 1-18]. In the objections, Behrouz Rahmi stated that Mr. Rahmi "does not advance any new arguments in support of his continuing attempts to remove the [t]rustee, and[,] therefore[,] he gives the [Bankruptcy] Court no reason to reverse its earlier rulings" [*Id.* at 1]. On June 21, 2011, the Bankruptcy Court denied the appellant's Motions to Amend Judgement [*sic*] [Doc. 1-20].

On July 1, 2011, Mr. Rahmi filed a Notice of Appeal of the June 21, 2011, Bankruptcy Court Order [*See* Doc. 1-21 at 18]. On August 2, 2011, the Notice of Appeal from Bankruptcy Court was filed with this Court [Doc. 1]. On August 19, 2011, appellant filed his brief in this proceeding [Doc. 5]. In his brief, Mr. Rahmi designates four issues to be considered in this appeal:

> 1)  Whether the Bankruptcy Court erred in determining that the trustee did NOT sell the Bon[-]Air Real Estate for far less than its Fair Market Value[;]
> 2) Whether the Bankruptcy Court erred in determining that the trustee was NOT engaged in a Conflict of Interest, and trustee's breach of fiduciary duty, by NOT concealing his activities with intent to maximize his financial gains[;]
> 3) Whether the Bankruptcy Court erred in determining that the court [m]ust NOT take adequate steps to resolve the issue, in accordance with Holloway

3

rule, by appointing a separate counsel[;] [and]
4) Whether the Bankruptcy Court erred in failing by NOT making findings of
facts in denying [his] Motion to Amend Judgment of April 20, 2011.

[*Id.* at 3 (emphasis in original)].   On September 1, 2011, United States Trustee, W. Clarkson McDow, Jr., filed a Notice of Non-Participation in Appeal in which he states that he is neither participating in the appeal nor taking a position regarding the appeal because "he did not participate in the matter that resulted in [the] order being appealed . . ." [Doc. 9 at 1].  On September 16, 2011, appellee, Mr. Trumble, filed his Trustee's Response Brief in Opposition to Appellant Alex Rahmi's Appeal [Doc. 12].

## APPLICABLE STANDARD

An interlocutory appeal is taken pursuant to 28 U.S.C. § 158(a)(3), which provides that district courts have jurisdiction to hear appeals of interlocutory orders and decrees of bankruptcy judges, with leave of the court.

"Section 158(c) . . . provides that bankruptcy appeals 'shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts.'   Accordingly, although section 158 provides no direct guidance concerning the grant or denial of leave to appeal interlocutory orders, many courts apply an analysis similar to that employed by the district court in certifying interlocutory review by the circuit court of appeals under 28 U.S.C. § 1292(b).  *In re Swann Ltd. Partnership*, 128 B.R. 138, 140 (D. Md. 1991); *In re Energy Insulation, Inc.*, 143 B.R. 490, 493 (N.D. Ill. 1992); *In re Neshaminy Office Bldg. Assoc.*, 81 B.R. 301, 303 (E.D. Pa. 1987).  This approach, while not required by the terms of section 158, provides a useful framework for considering the merits of a discretionary appeal." *Atlantic Textile Group, Inc. v. Neal*,

191 B.R. 652, 653 (E.D. Va. 1996).  *Accord*, ***In re Paschall***, 408 B.R. 79, 84 (E.D. Va. 2009).[1]

In ***Carman v. Bayer Corp.***, 2009 WL 2413633 (N.D. W.Va. Aug. 4, 2009), the Honorable Judge Stamp set forth the standard to be applied under § 1292(b):

> Title 28, United States Code, Section 1292(b) permits a district court to . . . grant an interlocutory appeal if the Court believes that the order involves "a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  The interlocutory appeal mechanism was not intended to be used in ordinary suits and was not designed" to provide early review of difficult rulings in hard cases."  ***North Carolina v. W.R. Peele, Sr. Trust***, 889 F.Supp. 849, 852 (E.D. N.C. 1995) (citing ***Abortion Rights Mobilization, Inc. v. Regan***, 552 F.Supp. 364, 366 (S.D. N.Y. 1982)).  Rather, an appeal under § 1292(b) "is limited to extraordinary cases where early appellate review might avoid protracted and expensive litigation."  ***Regan***, 552 F.Supp. at 366.
>
> The procedural requirements of § 1292(b) are to be strictly construed and applied, ***Myles v. Laffitte***, 881 F.2d 125, 127 (4th Cir. 1989), and the decision of whether to [grant an] interlocutory appeal is within the discretion of the court . . ..  ***Riley v. Dow Corning Corp.***, 876 F.Supp. 728, 731 (M.D. N.C. 1992), *aff'd*, 986 F.2d 1414 (4th Cir. 1993).  **To determine whether an . . .interlocutory appeal [should be granted], courts generally apply the two-part test established by the language of § 1292(b).  First, courts must determine whether there is a "controlling question of law as to which there is a substantial ground for difference of opinion."**  ***Peele***, 889 F.Supp. at 852.  **Second, courts must inquire as to whether an interlocutory appeal would "materially advance the ultimate termination of the litigation."**

*Id.*, 2009 WL 2413633, at *1 (emphasis added); *See also* ***Weirton Steel Corp. Liquidating Trust v. Amer. Comm. Barge Lines, LLC***, 2007 WL 2436887, *2 (N.D. W.Va. Aug. 22, 2007).

---

[1] Unlike § 1292(b), certification by the bankruptcy court is not required.  ***In re Bertoli***, 812 F.2d 136 (3d Cir. 1987).

## ANALYSIS

Below, the Bankruptcy Court's order included a ruling that the trustee did not have a conflict of interest [*See* Doc. 1-20].  The appellant seeks leave to appeal this ruling, as well as other rulings in the decision that will be addressed under a separate order [Doc. 5].  Mr. Rahmi argues that the Bankruptcy Court erred by not finding a conflict of interest and failing to take measures to resolve the alleged conflict of issue [*Id.* at 6].  However, a review of the record reveals that the appellant has failed to satisfy either part of the test in section 1292(b) with regard to this issue.

The appellant has not demonstrated that a "ground for difference of opinion" exists as to whether the trustee had a conflict of interest, let alone a "substantial" one.  The determination of a conflict of interest "is not 'a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record,' and is consequently insufficient to warrant leave to file an interlocutory appeal."  ***Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC***, 2010 U.S. Dist. LEXIS 81492, *14-15 (S.D.N.Y. Aug. 6, 2010) ("***Sec. Investor Prot. Corp. I***") (quoting ***Lehman Bros. Special Fin. v. BN Corporate Tr. Servs. Ltd.***, 422 B.R. 403, 406 (S.D.N.Y. 2009)); *see also* ***Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC***, 2011 WL 6057927 (S.D.N.Y. Dec. 6, 2011) ("***Sec. Investor Prot. Corp. II***") (treating an appeal of a conflict of interest ruling as an interlocutory appeal).  Furthermore, under West Virginia law, "[p]roperty acquired by a partnership is property of the partnership and not of the partners individually."  W. Va. Code § 47B-2-3.  As such, the appellant has not alleged any facts in his brief to demonstrate that there is any ground for difference of opinion as to whether the trustee's administration of

6

Bon-Air's estate at the time that his law firm was involved in a collection proceeding against Mr. Rahmi personally was a conflict of interest [*See* Doc. 5].

Accordingly, granting the appeal would not "materially advance the ultimate termination of the litigation," as required by the second element of section 1292(b). Moreover, because there has been no evidence "to show that the alleged conflict of interest is anything more than hypothetical[,] [appellant has] fail[ed] to meet this requirement for interlocutory appeal. *Sec. Investor Prot. Corp. II*, 2011 WL 6057927, at *8.

As a further basis for denying the appellant's interlocutory appeal, this Court relies upon the finality requirement, which the Supreme Court of the United States once said "evinces a legislative judgment that '[r]estricting appellate review to "final decisions" prevents the debilitating effect on judicial administration caused by piecemeal appeal disposition of what is, in practical consequence, but a single controversy.'" *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 471 (1978), *quoting* *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 170 (1974).  In this regard, the Fourth Circuit Court of Appeals also cautioned that "piecemeal review of decisions that are but steps toward final judgments on the merits are to be avoided, because they can be effectively and more efficiently reviewed together in one appeal from the final judgments." *James v. Jacobson*, 6 F.3d 233, 237 (4th Cir. 1993).

<u>CONCLUSION</u>

For the foregoing reasons, Alex Rahmi's interlocutory appeal of the Bankruptcy Court's conflict of interest ruling **[Doc. 5]** is hereby **DENIED**.  Because this Court will address the remaining issues raised by Mr. Rahmi's appeal in a separate order, this appeal

is not ordered dismissed from the docket at this time.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and to mail a certified copy to the *pro se* appellant.

**DATED**: December 29, 2011.


JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE