THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

ALEX RAHMI,

    Appellant,

v.                                                                                           Civil Action No. 3:11-CV-61
                                                                                             (BAILEY)
ROBERT W. TRUMBLE, Chapter 7 Trustee,
and UNITED STATES TRUSTEE,                                                                   Bankruptcy Case No. 09-2621

    Appellees,

BON-AIR PARTNERSHIP,

    Debtor,

BEHROUZ RAHMI,

    Interested Party.

## MEMORANDUM OPINION AFFIRMING ORDER OF THE BANKRUPTCY COURT

Pending before the Court is an appeal filed by Alex Rahmi challenging the June 21, 2011, decision of the United States Bankruptcy Court for the Northern District of West Virginia ("Bankruptcy Court"). In that decision, the Bankruptcy Court denied Mr. Rahmi's Motion to Amend Judgement [*sic*] dated April 20, 2011[,] and to Invalidate [F]oreclosure [S]ale. This Court has already addressed the interlocutory appeal of the Bankruptcy Court's conflict of interest ruling in a previous order [*See* Doc. 18]. As such, in this Order, this Court will address only the portion of the appeal concerning the Motion to Invalidate [F]oreclosure [S]ale. For the reasons more fully stated below, this Court finds that the appellant's appeal of that portion of the June 21, 2011, order should be **DENIED**.

## I.  BACKGROUND

On November 17, 2009, Bon-Air Partnership ("Bon-Air") filed a voluntary Chapter 7 bankruptcy petition [Doc. 1-21].  On May 24, 2010, trustee Robert W. Trumble ("Mr. Trumble" or "trustee") filed a Motion to Sell Property and Notice of Upset Bid Procedures [Doc. 1-4] with the Bankruptcy Court.  In that filing, the trustee proposed to sell the two parcels of real property for $1.2 million [*Id.* at 2].  At that time, Bon-Air had valued its interest in the property at $750,000 [*Id.*].  On May 28, 2010, the trustee filed an Amended Motion to Sell Property [Doc. 1-8]; no changes were made to the proposed sale price or Bon-Air's estimated value [*See id.*].  Bon-Air filed an Objection to Trustee's Motion to Sell Property [Doc. 1-5] on June 22, 2010.  In its objection, Bon-Air requested the Bankruptcy Court to "delay the sale of the property in order for the [t]rustee to continue to market the property in an effort to raise the selling price" [*Id.* at 2].  On June 25, 2010, the Bankruptcy Court entered a Notice of Hearing informing the parties that the Bankruptcy Court would address the Amended Motion to Sell as well as any timely filed objections on July 8, 2010 [Doc. 1-6 at 1].  On August 11, 2010, the trustee filed a Notice of Upset Bids and Private Auction, which stated that the upset bid private auction would take place on September 2, 2010 [Doc. 1-9].  The winning bid was three million dollars, and the Bankruptcy Court entered its order approving the sale on September 22, 2010 [BR Case 3:09-bk-02621 Doc. 105 at 5].

Roughly six months later, on April 1, 2011, the appellant, Alex Rahmi, ("appellant" or "Mr. Rahmi") filed a Motion to Remove Trustee for Conflict of Interest [Doc. 1-10].  In support of his filing, the appellant states that the trustee was maintaining control of Bon-Air's estate at the same time that the trustee's law firm was representing a party seeking

a judgment against Mr. Rahmi [*Id.* at 1]. On April 11, 2011, the trustee filed an Objection to Motion to Remove Trustee for Conflict of Interest [Doc. 1-11]. In his objection, the trustee noted that Mr. Rahmi is merely a partner in Bon-Air [*Id.* at 1]. He further stated that he was "appointed to administer the Bankruptcy Estate of Bon-Air [ ] and not the individual partners" [*Id.*]. On April 12, 2011, Behrouz Rahmi also filed an Objection to Motion to Remove Trustee for Conflict of Interest [Doc. 1-12]. In that filing, Behrouz Rahmi stated that Mr. Rahmi is not authorized to represent Bon-Air before the Bankruptcy Court [*Id.* at 1] and requested the Bankruptcy Court to strike Mr. Rahmi's motion [*Id.* at 2]. Behrouz Rahmi further stated that "neither the [t]rustee's firm nor the [t]rustee holds any interests adverse to the estate" of Bon-Air and, therefore, does not have a conflict [*Id.*].

On April 20, 2011, the Bankruptcy Court entered an order denying Mr. Rahmi's Motion to Remove Trustee for Conflict of Interest [Doc.1-13 at 1-2] and addressing two motions in another bankruptcy proceeding. Mr. Rahmi filed a Motion to Reconsider the April 20, 2011, Order on May 2, 2011 [Doc. 1-14]; in support of the motion, Mr. Rahmi stated that Mr. Trumble had been "holding funds for the benefit of [Mr.] Rahmi, and [Mr. Trumble's] firm ha[d] been representing creditors against [Mr.] Rahmi[ ] during the last two years" [*Id.* at 2]. On May 4, 2011, the Bankruptcy Court entered an Order denying the Motion to Reconsider on the grounds that Mr. Rahmi "failed to state grounds for reconsideration under [Rule 9023 of the Federal Rules of Bankruptcy Procedure]" [Doc. 1-15 at 2].

On May 16, 2011, Mr. Rahmi filed a Motion to Amend Judgement [*sic*] dated April 20, 2011[,] and to Invalidate [F]oreclosure [S]ale [Doc. 1-16] as well as a similar motion for a different bankruptcy case involving the estate of another business, Alex Chevrolet [Doc.

1-17]. In the motion relevant to this appeal [Doc. 1-16], Mr. Rahmi reiterated his conflict of interest argument and argued that the trustee breached his fiduciary duty in the foreclosure sale because the "[t]rustee sold more of Bon-Air property than was necessary to satisfy the creditors" [*Id.* at 2]. On May 24, 2011, Behrouz Rahmi filed an Objection to Motions to Amend [Doc. 1-18]. In the objections, Behrouz Rahmi stated that Mr. Rahmi "does not advance any new arguments in support of his continuing attempts to remove the [t]rustee, and[,] therefore[,] he gives the [Bankruptcy] Court no reason to reverse its earlier rulings" [*Id.* at 1]. With regard to the argument that the [t]rustee sold more property than necessary, Behrouz Rahmi stated that the case law upon which Mr. Rahmi's argument rests is not relevant to the instant case because it "dealt with a trustee to a deed of trust under state law, not a federal bankruptcy trustee" [*Id.* at 1-2]. The trustee also filed an objection to the Motion to Amend on May 27, 2011 [Doc. 1-19].

On June 21, 2011, the Bankruptcy Court decided that the case law upon which Mr. Rahmi relied in his Motion to Amend Judgement [*sic*] and to Invalidate [F]oreclosure [S]ale was not relevant to bankruptcy proceedings and further stated that there is no limit on the amount of property that can be sold by a trustee during liquidation in a Chapter 7 bankruptcy case [Doc. 1-20 at 2]. The Bankruptcy Court further stated that the "purpose of Chapter 7 is to liquidate all of debtor's unencumbered, non-exempt assets for the satisfaction, albeit often incomplete, of unsecured creditors" [*Id.*]. As such, the Bankruptcy Court denied the appellant's Motions to Amend Judgment [*Id.*].

On July 1, 2011, Mr. Rahmi filed a Notice of Appeal of the June 21, 2011, Bankruptcy Court Order [*See* Doc. 1-21 at 18]. On August 2, 2011, the Notice of Appeal from Bankruptcy Court was filed with this Court [Doc. 1]. On August 19, 2011, appellant

filed his brief in this proceeding [Doc. 5]. In his brief, Mr. Rahmi designates four issues to be considered in this appeal:

> 1) Whether the Bankruptcy Court erred in determining that the trustee did NOT sell the Bon[-]Air Real Estate for far less than its Fair Market Value[;]
> 2) Whether the Bankruptcy Court erred in determining that the trustee was NOT engaged in a Conflict of Interest, and trustee's breach of fiduciary duty, by NOT concealing his activities with intent to maximize his financial gains[;]
> 3) Whether the Bankruptcy Court erred in determining that the court [m]ust NOT take adequate steps to resolve the issue, in accordance with Holloway rule, by appointing a separate counsel[;] [and]
> 4) Whether the Bankruptcy Court erred in failing by NOT making findings of facts in denying [his] Motion to Amend Judgment of April 20, 2011.

[Doc. 5 at 3 (emphasis in original)]. On September 1, 2011, United States Trustee, W. Clarkson McDow, Jr., filed a Notice of Non-Participation in Appeal in which he states that he is neither participating in the appeal nor taking a position regarding the appeal because "he did not participate in the matter that resulted in that order being appealed . . ." [Doc. 9 at 1]. On September 16, 2011, Mr. Trumble, filed his Trustee's Response Brief in Opposition to Appellant Alex Rahmi's Appeal [Doc. 12].

## II. APPLICABLE STANDARD

Pursuant to Rule 8013 of the Federal Rules of Bankruptcy Procedure, "the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of witnesses." FED. R. BANKR. P. 8013.

"A finding is 'clearly erroneous' when although there is evidence to support it, the

reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." **Anderson v. Bessemer City**, 470 U.S. 564, 573 (1985) (quoting **United States v. United States Gypsum Co.**, 333 U.S. 364, 395 (1948)). With respect to a bankruptcy court's conclusions of law, the appropriate standard of review is *de novo*. *See* **In re Mitrano**, 409 B.R. 812, 815 (E.D. Va. 2009); **In re Meredith**, 527 F.3d 372, 375 (4th Cir. 2008); **Gilbert v. Scratch 'N Smell, Inc.**, 756 F.2d 320 (4th Cir. 1985). In cases where the issues present mixed questions of law and fact, the reviewing court applies the clearly erroneous standard to the factual portion of the inquiry and *de novo* review to the legal conclusions derived from those facts. *See* **Gilbane Bldg. Co. v. Fed. Reserve Bank of Richmond**, 80 F.3d 895, 905 (4th Cir. 1996). Finally, decisions committed to the discretion of the bankruptcy court are reviewed for abuse of discretion. *See* **In re Morris**, 385 B.R. 823, 828 (E.D. Va. 2008).

### III.  ANALYSIS

Although the appellant states that he designates four issues for appeal, Mr. Rahmi actually identifies five separate issues in his appeal of the Bankruptcy Court's June 21, 2011 [*See* Doc. 5]: whether the Bankruptcy Court erred in (1) finding that the trustee did not sell the Bon-Air property for far less than fair market value, (2) finding that the trustee was not engaged in a conflict of interest, (3) finding that the trustee was not in breach of any fiduciary duty, (4) finding that it was not necessary to appoint separate counsel, and (5) denying the Motion to Amend Judgment without making findings of fact. This Court will address each issue under a separate heading in this section.

### A.  Whether the Bankruptcy Court Erred in Finding that the Trustee Did Not Sell the Bon-Air Real Estate for Far Less Than its Fair Market Value

The appellant states that "[u]pon objections and request for invalidation of Bon[-]Air's foreclosure sale, the [B]ankruptcy [C]ourt did not provide grounds for denial for inadequacy" [Doc. 5 at 7].  However, the appellant's motion to the Bankruptcy Court did not include any specific argument for inadequacy in the bankruptcy proceeding [*See* Doc. 1-16].  The appellant labeled a page within his motion "MEMORANDUM OF LAW in support of INADEQUENCY [*sic*]" and stated that "where a sale is fair and regular in all aspects it will not be set aside for price**, unless the inadequacy is so gross justifying the presumption of fraud**" [*Id.* at 4 (emphasis in original)].  Although the appellant attached some materials with alleged property values[1] as exhibits to the motion, he neither alleged facts supporting an inadequate price nor provided an analysis as to how the stated rule was applicable to the case at hand within the motion [*See id.*].  In his brief on appeal, the appellant provided some additional information in support of his inadequacy argument [*See* Doc. 5].  The appellant states that "[o]n or about [September] 2, 2010[,] Bon-Air real estate assets were appraised at $8.5 million dollars" [*Id.* at 10].  He argues that, as such, the "foreclosure sale justifies an inadequacy with presumption of unfairness and fraud" [*Id.*]. On October 5, 2011, the appellant filed with this Court an appraisal report for Bon-Air real estate [Doc. 14], which stated that the appraised value of the Bon-Air real estate was 7.9 million dollars as of September 2, 2010 [Doc. 14-1 at 6].

A district court serving as a bankruptcy appellate court cannot consider new

---

[1]The attached materials included assessed value for various neighboring parcels of land for real property tax purposes.  *See* Doc. 1-16 at 9-11.

evidence that was not before the bankruptcy court.  *See* **In re Loefgren**, 305 B.R. 288, 291 (W.D. Wis. 2003); *see also* **Educational Credit Management Corp. v. Buchanan**, 276 B.R. 744, 749 (N.D. W.Va. 2002).  This is particularly true "when the new issue involves a question of fact." ***Id.*** (citing **Diersen v. Chicago Car Exchange**, 110 F.3d 481, 485 (7th Cir. 1997).  The record does not reflect that the appraisal report filed by the appellant on October 5, 2011, was ever presented to the Bankruptcy Court.  Moreover, the report appears to have been provided to the appellant on September 29, 2011 [*See* Doc. 14-1 at 3]; as such, it was not available to provide to the Bankruptcy Court for its June 21, 2011, order.  Because the appraisal report was not presented to the Bankruptcy Court, this Court cannot now consider it on appeal.  *See* **In re Loefgren**, 305 B.R. at 291; *see also* **Educational Credit Management Corp.**, 276 B.R. at 749.

Furthermore, this Court cannot address whether the "Bankruptcy Court erred in determining that the trustee did NOT sell the Bon[-]Air [property] for far less than its [f]air [m]arket [v]alue" [Doc. 5] because the Bankruptcy Court made no such determination in its June 21, 2011, Order [*See* Doc. 1-20].  Moreover, to the extent that the appellant states that the Bankruptcy Court's order failed to provide the grounds for denying his inadequacy claim, the appellant made no clear inadequacy argument in his Motion to Amend Judgement [*sic*] dated April 20, 2011[,] and to Invalidate [F]oreclosure [S]ale [Doc.1-16]; therefore, the Bankruptcy Court did not deny any inadequacy claim in its June 21, 2011, Order [*See* Doc. 1-20].  On the page titled "MEMORANDUM OF LAW in support of INADEQUENCY [*sic*]," Mr Rahmi neither alleged facts supporting an inadequate price nor provided an analysis as to how the stated rule was applicable to the case at hand within

the motion [*See* Doc. 1-16 at 4]. Mr. Rahmi listed a 16.2 million dollar projected value for the Bon-Air property in another section of the motion and attached the assessed values of surrounding parcels of land that was used for real estate tax purposes to support this alleged value; however, the appellant provided the Bankruptcy Court with no concrete information to analyze on the value of the Bon-Air property [*See* Doc. 1-16]. The appraisal [Doc. 14] on which Mr. Rahmi now relies for this argument was never presented to the Bankruptcy Court for its consideration of Mr. Rahmi's Motion to Amend Judgment. Because the appellant did not present any coherent inadequacy facts or argument to the Bankruptcy Court, the Bankruptcy Court did not address any inadequacy argument in its June 21, 2011, Order. As such, there is no ruling on the inadequacy claim for this Court to review. Accordingly, this Court denies the appellant's appeal on this issue.

### B.  Whether the Bankruptcy Court Erred in Finding that the Trustee was not Engaged in a Conflict of Interest

This issue was determined to be an interlocutory appeal by this Court and was previously discussed in its December 29, 2011, Order Denying Interlocutory Appeal of Order [Doc. 18]. As stated in that order, this Court found that the appellant had not demonstrated that a substantial ground for difference of opinion existed as to whether the trustee had a conflict of interest; this Court also found that granting the appeal would not materially advance the ultimate termination of the litigation [*Id.* at 6-7]. As such, this Court denied the appellant's interlocutory appeal of this issue [*Id.* at 7]. Because this issue has already been addressed, this Court will not further address it in this Order.

### C.  Whether the Bankruptcy Court Erred in Finding that the Trustee was not in Breach of Any Fiduciary Duty

The appellant argues that the trustee breached his fiduciary duty in two ways. First,

Mr. Rahmi argues that the trustee breached his fiduciary duty by administering the estate of Bon-Air while the trustee's law firm was involved in a debt collection proceeding against Mr. Rahmi, thereby reiterating his conflict of interest argument [*See* Doc. 5 at 6]. Second, Mr. Rahmi alleges that the sale of all of the Bon-Air real estate was a breach of the trustee's fiduciary duty [*See id.* at 8-9].

The appellant alleges that Exhibit One "indicates [that] the trustee has failed to act with honesty and good faith toward appellant [*sic*] interests" [*Id.* at 9]. The appellant states that "[t]rustee's breach of fiduciary duty, . . . [s]ubstantiates fraud, and prejudice has been associated with [the] Bon[-]Air transaction" [Doc. 5 at 11, relying on BR Doc. 157, Exhibits 1 & C, as proving the alleged fraud]. Exhibit 1 is an e-mail message from Brian Vance to Mr. Rahmi stating that Mr. Vance "spoke with Mr. Trumble about [Mr.Rahmi's] concerns regarding the conflict of interest" [Doc. 1-16 at 6]. Mr. Trumble informed Mr. Vance that he "[did] not believe that there [was] a conflict of interest, but [he would be] willing to have his firm stop representing the bank that [was] suing [Mr. Rahmi] personally [because] the firm would stand to gain more with him acting as trustee than suing [Mr. Rahmi] for a small debt" [*Id.*]. Exhibit C is a "Notice Pursuant to Fair Debt Practices Act" sent to Mr. Rahmi on January 22, 2010, by Steve R. Bratke, informing Mr. Rahmi of the $208,000 balance owed to Wells Fargo Bank, N.A. [*See id.* at 21].

### 1.  Conflict of Interest

As previously stated, this Court has already addressed and disposed of this issue in a separate order [*See* Doc. 18]. This Court hereby incorporates its findings and conclusions from its December 29, 2011, Order Denying Interlocutory Appeal [Doc. 18] and will not further address this issue in this Order.

## 2. Amount of Property Sold

The appellant states that the "sale price at the foreclosure exceeded the total secured and unsecured creditors [*sic*] payoffs" [Doc. 5 at 7]. Mr. Rahmi argues that the trustee breached his fiduciary duty by selling more of the real estate than was necessary [Doc. 1-16 at 2; Doc. 5 at 7]. The appellant relies upon a state law deed of trust case to support his argument that "[i]t is the duty of the trustee[ ] 'not to sell more of the trust subject[ ] than necessary to [s]atisfy debts'" [Doc. 1-16 at 2 (quoting **Moore v. Hamilton**, 151 W. Va. 784, 155 S.E.2d 877 (1967))]. The trustee argues that a Chapter 7 trustee, not only owes no fiduciary duty to a debtor in a liquidation proceeding to sell only the amount of property that is required to satisfy the debts of the debtor, but also could not meet such a requirement because "there [would] be no surviving entity to resume ownership and possession of any remaining property" [Doc. 12 at 11].

A trustee in a Chapter 7 proceeding "shall collect and reduce to money the property of the estate for which the trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. § 704(a)(1). The Fourth Circuit Court of Appeals ("Fourth Circuit") stated that this statutory language "impose[s] on [the trustee] an affirmative duty to reduce the . . . property to money as expeditiously as [is] compatible with the interests of [the parties]," thereby requiring a balance between the speed and the interests of the parties. **In re Hutchinson**, 5 F.3d 750, 754 (4th Cir. 1993). A Chapter 7 trustee's "'discretion is reviewable by a bankruptcy court . . . , but so long as the trustee acts reasonably and in the best interests of the estate, and . . . obtains fair value for the property under the circumstances of the case, [the trustee's] choice of method of disposition will be respected.'" **In re Merry-Go-Round Enterprises, Inc.**, 180 F.3d 149,

162 (4th Cir. 1999) (quoting **In re Frezzo**, 217 B.R. 985, 989 (Bankr. E.D.Pa. 1998)(citations omitted).

The Bankruptcy Court found that **Moore** was "irrelevant to [the bankruptcy proceeding] because [it] involved a trustee selling property under a state law deed of trust, not a trustee under the Bankruptcy Code" [Doc. 1-20 at 2]. Moreover, the Bankruptcy Court found that "[t]here is no prohibition in the Bankruptcy Code limiting the amount of property to be sold in a Chapter 7 liquidation case" [*Id.*]. Upon a *de novo* review of these legal conclusions, this Court agrees with the Bankruptcy Court and affirms its June 21, 2011, Order on this issue. The appellant offered one case in support of his claim for the trustee's obligation to sell only enough property to meet the debtor's obligations [*See* Doc. 1-16 at 2]. However, that case did not involve a Chapter 7 bankruptcy proceeding trustee. Moreover, the Bankruptcy Code does not list any such duty for Chapter 7 trustees. *See* 11 U.S.C. § 704(a). In fact, a Chapter 7 trustee has an "affirmative duty to reduce the . . . property to money as expeditiously as [is] compatible with the interests of [the parties]." **In re Hutchinson**, 5 F.3d at 754. Such an affirmative duty reflects the "purpose of Chapter 7 . . . to liquidate all of a debtor's unencumbered, non-exempt assets for the satisfaction, albeit often incomplete, of unsecured creditors" [Doc. 1-20 at 2]. Accordingly, this Court affirms the Bankruptcy Court's June 21, 2011, Order on this issue.

### D.  Whether the Bankruptcy Court Erred in Finding that it Was Not Necessary to Appoint Separate Counsel

Mr. Rahmi argues that the Bankruptcy Court erred by not appointing separate counsel to address the alleged conflict of interest [Doc. 5 at 6]. Because this issue hinges on whether a conflict of interest actually exists and this Court has already addressed the

conflict of interest issue under a separate order, this Court hereby incorporates its findings and conclusions from its December 29, 2011, Order Denying Interlocutory Appeal [Doc. 18] and will not further address this issue in this Order.

### E.  Whether the Bankruptcy Court Erred in its Denial of the Motion to Amend the April 20, 2011, Judgment Without Making Findings of Facts

The appellant argues that the Bankruptcy Court failed to make any findings of fact in its June 21, 2011, Order and "summarily denied [his] Motion to Amend Judgment of April 20, 2011" [Doc. 5 at 3-4].  Mr. Rahmi is essentially arguing that the Bankruptcy Court has not provided sufficient findings of fact to support its denial of his Motion to Amend Judgment [*See id.*].  The trustee argues that the Bankruptcy Court's June 21, 2011, Order incorporated its previous findings on issues already addressed by the Bankruptcy Court and set forth the basis for denying the new issue raised by Mr. Rahmi [Doc. 12 at 13].  The trustee further states that "[t]he basis for the Bankruptcy Court's denial of Rahmi's motion to amend is clear from the order and the record on appeal and is sufficient enough for this Court to now determine that Rahmi's motion to amend the April 20, 2011[,] judgment was properly denied" [*Id.* at 13-14].

As previously discussed, a district court is "required to apply a clearly erroneous standard to [a] bankruptcy court's findings of fact." **Shumate v. Shumate**, 914 F.2d 1492, *2 (4th Cir. 1990).  *See also* **In re Green**, 934 F.2d 568 (4th Cir. 1991).  Under this standard, "'if the bankruptcy court's factual findings are plausible in light of the record viewed in its entirety, a reviewing court may not reverse even if it would have weighed the evidence differently.'" **In re Frushour**, 433 F.3d 393 (4thCir. 2005) (quoting **Mungo v. Taylor**, 355 F.3d 969, 974 (7th Cir. 2004)).  However, if a "bankruptcy court[ ] fail[s] to

make sufficient factual findings in support of its legal conclusions [that] allow for meaningful appellate review under any standard," then a remand will be necessary. **Behrmann v. National Heritage Foundation**, ___ F.3d ____, 2011 WL 6118592, *3 (4th Cir. Dec. 9, 2011). As such, a reviewing court must determine whether the bankruptcy court's findings of fact sufficiently support its legal conclusions before applying the clearly erroneous standard. *See **id.***; *see also* **Ultra Litho PYT, Ltd. v. Moore**, 347 Fed.Appx. 971, 973 (4th Cir. 2009) and **In re Hutchinson** , 5 F.3d 750 (4th Cir. 1993).

In its June 21, 2011, Order, the Bankruptcy Court stated that Mr. Rahmi "raise[d] arguments previously dismissed by [the Bankruptcy Court]" in his Motion to Amend Judgment and raised a new "argu[ment] that Mr. Trumble violated his fiduciary duty by selling more property than was necessary to satisfy creditors" [Doc. 1-20 at 1-2]. The Bankruptcy Court then proceeds to provide its basis for rejecting Mr. Rahmi's new argument [*See id.* at 2]. Because the Bankruptcy Court refers to its previous dismissal of some of the arguments raised in Mr. Rahmi's motion to Amend Judgment, it is clearly reiterating and incorporating the relevant findings of fact and legal conclusions in its June 21, 2011 [*See id.* at 1-2]. The Bankruptcy Court also provides its basis for rejecting the new argument raised by Mr. Rahmi concerning the amount of property sold by the trustee [*See id.* at 2]. As such, this Court does not find that the Bankruptcy Court failed to make findings of fact in its June 21, 2011, Order, and Mr. Rahmi's argument accordingly fails. Moreover, even if this Court liberally construes Mr. Rahmi's argument as simply attacking the sufficiency of the Bankruptcy Court's findings, his argument still fails because this Court finds that the Bankruptcy Court's findings of fact sufficiently support its legal conclusions. Therefore, this Court denies the appellant's appeal on this issue and affirms the Bankruptcy

Court's Order with regard to this issue.

## IV.  CONCLUSION

For the foregoing reasons, the Court finds that the Bankruptcy Court's decision should be, and hereby is, **AFFIRMED**.  It is further **ORDERED** that this appeal should be, and hereby is, **DISMISSED** and **STRICKEN** from the active docket of this Court.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and the Clerk of the United States Bankruptcy Court for the Northern District of West Virginia and to mail a certified copy to the *pro se* appellant.

**DATED**: December 29, 2011.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE